UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCIS MATOS,

                Plaintiff,                <u>COMPLAINT</u>

    -against-

NEW YORK CITY DEPARTMENT OF        JURY TRIAL DEMANDED
EDUCATION,

                Defendant.

---

Plaintiff **FRANCIS MATOS**, by and through his attorneys GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff tenured teacher Francis Matos brings this action pursuant to the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII), based on age and/or national origin discrimination and retaliation at his workplace.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the ADEA and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District (i.e., the Bronx, New York) and Defendant is subject to personal jurisdiction in this District.

### THE PARTIES

4. Plaintiff Francis Matos is a resident of the City of New York and State of New York.

5. At all times relevant herein, Defendant New York City Department of Education ("DOE") is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*.

6. At all times relevant herein, Dr. Ramon Namnun was the principal of High School of World Cultures, a school in the Bronx New York, within the New York City Department of Education.

7. At all times relevant herein, Lindsey Maehlum, Dany Velazquez, and Claude Stuart were Assistant Principals at the same high school, within the New York City Department of Education.

### FACTUAL ALLEGATIONS

8. Plaintiff has worked as mathematics teacher with the NYCDOE since on or about 1992 and was working at High School of World Cultures in September 2005 under Principal Namnun for the duration of his tenure there.

9. Plaintiff is of Dominican national origin and is presently 62 years old.

10. Plaintiff speaks the English language with a noticeable accent.

11. High School of World Cultures is located at 1300 Boynton Avenue, Bronx, NY 10472.

12.     Principal Nanmun gave Plaintiff consistently Satisfactory ratings from 2005 through June 2013.

13.     Principal Namnun rated Plaintiff Effective overall in 2013-14 and 2014-15 under the new Danielson rating system, with Measure of Teacher Practice (MOTP) scores of 49 and 47, respectively.

14.     In the 2015-16 school year, Plaintiff was suddenly rated Ineffective by Principal Namnun with a remarkably low 12 MOTP score.

15.     On June 15, 2015, Plaintiff met with Principal Namnun for his summative conference. During the conference, Principal Namnun told Plaintiff that he needed to leave the school because he did not fit into the principal's vision for the school.

16.     As a result of this meeting, on June 26, 2015, Plaintiff filed a complaint with the NYCDOE's Office of Equal Opportunity and Diversity (OEO) alleging age and race discrimination.

17.     In September 2015, Plaintiff was denied program preferences for the 2015-16 school year.

18.     In September 2015, Plaintiff's teaching program was changed, causing him to work five periods in a row and lose his preparation and professional periods for approximately three weeks, which was fixed only after he filed a grievance through his union about the issue.

19.     Throughout the 2015-16 school year, Plaintiff was not provided with copies of math materials for his classes, nor sufficient textbooks and workbooks for his classes.

20. Plaintiff was routinely insulted in front of students and other staff by Assistant Principals Stuart and Maehlum throughout the 2015-16 school year.

21. Plaintiff received almost across the board ineffective observations on October 23, 2015 by AP Stuart, on November 16, 2015 by AP Maehlum, on December 2, 2015, by AP Velazquez, and on December 8, 2015, by Principal Namnun.

22. Plaintiff met with a DOE OEO investigator in September 2015, December 2015, and January 2016, complaining of discrimination and retaliation.

23. To date, Plaintiff has never received a decision on his OEO complaints from the NYCDOE OEO office.

24. In retaliation for filing of his OEO complaint, Plaintiff was summoned to at least 11 disciplinary conferences between November 2015 and April 2016.

25. In the spring semester of 2016, Plaintiff was removed from his classroom he had been assigned to and given a classroom to teach 4 out of his 5 classes in the school's basement.

26. Principal Namnun mocked Plaintiff's accent on many occasions during the 2015-16 school year.

27. During the spring of the 2015-16 school year, Plaintiff was stared down at a School Leadership Team (SLT) meeting and was told by Principal Namnun that certain teachers were obsolete.

28. Plaintiff was involuntarily removed from the SLT in April 2016 by Principal Namnun.

29. Principal Namnun also had previously stated at a faculty meeting that he would drink in celebration if "certain teachers" left the school.

30. In June 2016, Plaintiff filed a complaint with the New York State Division of Human Rights against the principal and NYCDOE, alleging age, race, and national origin discrimination.

31. On or about March 29, 2016, Plaintiff was served ten (10) Education Law Section 3020-a disciplinary charges seeking termination of his employment and was immediately removed from his classroom duties.

32. Section 3020-a disciplinary hearings were conducted on or about 7 hearing dates in May and June 2016 before 3020-a Hearing Officer Susan Bellifemine.

33. By decision dated September 19, 2016, Hearing Officer Bellifemine refused the DOE's attempt to terminate his tenured employment and instead gave him a $7,000 fine payable over one year.

34. Following the 3020-a decision, Plaintiff was transferred from the Reassignment Center to Wings Academy High School as an Absent Teacher Reserve teacher (ATR), and after that assignment he then taught as an ATR at I.S. 80 in the Bronx, New York, as a teacher with a regular classroom load for the balance of the 2016-17 year.

35. Plaintiff received Satisfactory verbal feedback for almost the entire year at I.S. 80 but did not receive any written observation reports from the school and received an N rating for the year in June 2017.

36. At the end of the 2015-16 school year, Plaintiff appealed his Ineffective annual rating, and the appeal was accepted to be heard by a neutral arbitrator as part of the 13% of cases contractually agreed between the parties before a neutral arbitrator.

37. A panel hearing was held on May 1, 2017, on Plaintiff's Ineffective rating pursuant to Section 3012-c(5)(a) of the New York State Education Law before Arbitrator Jay Siegel and one hearing panelist appointed by the UFT and the other hearing panelist appointed by the NYCDOE.

38. By decision, dated May 30, 2017, the hearing panel sustained Plaintiff's appeal and the ineffective annual rating was vacated "due to harassment or other reasons not related to job performance." *See* attached decision annexed hereto as Exhibit A.

39. Plaintiff received a notice of right to sue letter from the EEOC annexed hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

### (Claims for Violation of ADEA – Age Discrimination and Retaliation)

40. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

41. Defendant, through the aforementioned conduct, has violated the Age Discrimination in Employment Act, by falsely rating him ineffective and bringing him up on 3020-a disciplinary charges, after he filed an OEO complaint of age discrimination against his school administration in June 2015.

## SECOND CLAIM FOR RELIEF

### (Claims for Violation of Title VII – Race/National Origin Discrimination and Retaliation)

42. Plaintiff repeats and realleges all the preceding paragraphs of this Amended Complaint, as if fully set forth herein.

43. Defendant, through the aforementioned conduct, has violated Title VII of the Civil Rights Act by falsely rating Plaintiff ineffective and bringing him up on 3020-a disciplinary charges, after he filed an OEO complaint of race/national origin discrimination in June 2015.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant is in violation of the ADEA;

B. A declaratory judgment that Defendant is in violation of Title VII;

C. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the ADEA and Title VII;

D. Awarding Plaintiff costs and reasonable attorneys' fees; and

E. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
August 14, 2017

        **GLASS KRAKOWER LLP**
        Attorneys for Plaintiff
        100 Church Street, 8th Floor, Suite 800
        New York, NY 10007
        (212) 537-6859

        By: _____s/_____
            Bryan D. Glass, Esq.